UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD DOMINGUEZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> UAL CORPORATION, <br><br> and <br><br> UNITED AIRLINES, INC. <br><br> Defendants. | Civil Action No. 07-cv-418 |

## PARTIES' JOINT MEET AND CONFER AND SCHEDULING REPORT

Pursuant to Civil Local Rule 16.3(d) and to this Court's Minute Order dated May 30, 2007, the parties to the above-entitled action, by and though their undersigned counsel, hereby submit their Joint Meet and Confer and Scheduling Report. The parties' counsel certify that on May 22, 2007, they met and conferred telephonically in an attempt to jointly discuss the agenda items set forth by Local Civil Rule 16.3.

## NATURE OF THE ACTION

This is a putative consumer class action alleging federal antitrust and unjust enrichment claims against defendants UAL Corporation and United Air Lines, Inc. (collectively, "United"). The action challenges United's "no resale or transfer" rule on United's airline tickets along the nonstop air travel route between the metropolitan Washington Area and the San Francisco Bay area.

## MATTERS DISCUSSED BY THE PARTIES PURSUANT TO LOCAL CIVIL RULE 16.3(c)

**1) Whether the case is likely to be disposed of by dispositive motion, and whether if a dispositive motion has been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

On April 23, 2007, United filed its motion to dismiss the complaint. Plaintiff filed its opposition to the motion on May 11, 2007, and United filed its reply on May 24, 2007. The parties disagree as to whether the case is likely to be disposed of by dispositive motion. United believes it will prevail on its motion to dismiss, while plaintiff believes the motion will be denied. The parties do agree, however, that in light of the pending motion to dismiss, plaintiff's deadline to file his motion for class certification shall be extended beyond the presumptive 90-day limit set forth in Local Civil Rule 23(c)(1) to a deadline to be set following the Court's ruling on the pending motion to dismiss.

The parties disagree as to the status of discovery during the pendency of the motion to dismiss.

**Plaintiff's Contention:** Plaintiff maintains that, in the interests of time, he should be permitted to at least pursue third-party discovery against persons or entities other than United while the motion to dismiss is under submission. With respect to discovery against United, plaintiff agrees to defer any depositions and the requirement for actual document production, but in the interest of time, maintains that he should be allowed to serve document requests on United while the motion to dismiss is under submission so

that the parties can begin the objection, "meet and confer," and document assembly process, while they await the Court's ruling. Under plaintiff's proposal, however, United would not be required to actually produce any documents until the Court rules on the motion to dismiss.

Implementing plaintiff's proposal would not unduly burden United during the pendency of its motion to dismiss, as United would not be required to actually produce any documents or witnesses as part of the discovery during the time that the motion to dismiss remains under submission. In fact, United would not even have to expend any efforts or time in reviewing third-party documents or deposing third parties, as it could defer its review of any third-party discovery (whether that be review of documents produced by third-parties or third-party depositions) until after the motion to dismiss was decided, if United so chose. Plaintiff's plan simply allows plaintiff discovery from third parties, and does not call for any discovery against United to take place during the time that the motion to dismiss remains under submission. That approach has the virtue of maximizing judicial efficiency by not having the parties sitting idly during the likely several month period during which the motion to dismiss will be under submission. In addition, allowing discovery from third-parties now may also aid plaintiff's ability to amend the complaint, should such an amendment be called for in response to the Court's ruling on the pending motion to dismiss.

Because plaintiff's proposal is limited to third-party discovery, and to the mere propounding of document requests to United (without United being required to produce any responsive documents until after the motion is ruled upon, and without any United witnesses being deposed until the motion is ruled upon), plaintiff maintains that there is

no basis to United's claim that a stay on all discovery is required in order to conserve judicial resources or to avoid unnecessary expenses. A further recitation of the parties' proposals with respect to the scope of any discovery is set forth in response to point 8 *infra*.

**Defendants' Contention:** United maintains that because its pending motion to dismiss is a dispositive motion that seeks determination of important threshold issues as to the sufficiency of the complaint, the Court should resolve that motion before discovery or other proceedings are initiated.

The Supreme Court recently reiterated that because "proceeding to antitrust discovery can be expensive," courts should take care to "avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence." *Bell Atlantic Corp. v. Twombly*, 550 U.S. --, 2007 WL 1461066, at *9 (May 21, 2007). It is well settled that given the broad authority to manage discovery conferred by Fed. R. Civ. P. 26(c), a court has the "sound discretion" to mitigate this burden by deferring discovery pending resolution of a dispositive motion. *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990). Such deferrals are "eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (internal quotation marks omitted). Indeed, courts in this Circuit have recognized that "discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Anderson v. United States Attorneys Office*, No. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992); *accord Capital Eng'g &*

4

*Mfg. Co. v. Weinberger*, No. 87-1623, 1988 WL 13272, at *1 (D.D.C. Feb. 5, 1988) ("[C]ourts have not hesitated to stay discovery as to the merits of an action pending initial consideration of preliminary, and potentially dispositive, motions."). United's motion to dismiss is fully briefed and, if granted in whole or in part, will either dispense with the need for discovery in this case entirely or at a minimum, significantly narrow the theories of recovery respecting which discovery may proceed on a limited basis. A short deferral of discovery therefore "furthers the ends of economy and efficiency." *Chavous*, 201 F.R.D. at 5.

These considerations apply equally, if not with greater force, when considering burdens upon non-parties to the litigation. Furthermore, allowing non-party depositions would impose a burden on United because, as a practical matter, United will have to attend depositions if noticed by the plaintiff, and will have to prepare its cross-examination questions so that the non-party is not called twice for deposition. Consistent with the Supreme Court's recent admonishment in the *Twombly* decision, the better practice is to evaluate the sufficiency of a complaint before any antitrust discovery takes place.

To conserve the resources of the Court as well as the parties, United therefore proposes that in the event that United's motion to dismiss is denied in part or in its entirety, within twenty-one (21) days of the Court's decision, the parties will file a Supplemental Rule 26(f) Joint Report containing a proposed case management plan that sets forth their positions relating to initial disclosures, discovery, exchanges of expert-related information, and scheduling matters.

**2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

Neither party has any present intention to join additional parties. Plaintiff does not expect to amend his pleadings unless the Court's order on the pending motion to dismiss requires him to do so. As the pleadings have not closed (because United has yet to file an Answer, pending resolution of its motion to dismiss), plaintiff maintains that he still may amend his pleading as a matter of course under Fed. R. Civ. P. 15. The parties propose that any amendment to the pleadings or joinder of parties shall be made no later than 120 days following United's filing of its Answer to the then operative Complaint, if any. For good cause, any party may seek leave of Court to extend this deadline.

The parties have not identified any specific factual or legal issues that may be narrowed, but will continue to pursue efforts to identify such issues.

**3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties agree that the case should not be assigned to a magistrate judge for all purposes.

**4) Whether there is a realistic possibility of settling the case.**

The parties agree that at this point there is not a realistic possibility of settling the case.

6

**5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties' counsel have discussed ADR with their clients and opposing counsel, and agree that any referral to ADR would be premature at this time. The parties do not foreclose such a referral in the future, if developments in the case warrant. At a minimum, the parties believe that further consideration of ADR would be premature until after the Court rules on the pending motion to dismiss and such other preliminary proceedings, if any, occur.

**6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions or cross-motions, oppositions, replies; and proposed dates for the decision on such motions.**

The parties disagree on whether the case will be resolved by way of the pending motion to dismiss. United believes that it will, under present circumstances, while plaintiff believes that the motion should be denied. The parties submit that it is premature to evaluate whether the case or other dispositive can be resolved by way of summary judgment motions, or to establish dates for the filing and decision of such motions. Accordingly, subject to Court approval, the parties agree to incorporate a briefing and hearing schedule on any further dispositive motions in a Supplemental Joint Report pursuant to Rule 26(f), if any is required, following the Court's ruling on the currently pending motion to dismiss.

**7) Whether the parties should agree to dispense with the initial disclosures required by 26(a)(1) Fed R. Civ. P., and if not, what if any changes should be made in the scope, form or timing of these disclosures.**

The parties disagree as to this item.

**Plaintiff's Contention:** Plaintiff maintains that the parties should abide by the initial disclosures as called for by Rule 26. Plaintiff maintains that because the initial disclosure requirements do not call for the production of any document, and only require the identification of persons with information and the types of documents believed to be in the possession of defendants, it is reasonable to expect the parties to comply with this requirement without awaiting possibly several months until the motion to dismiss is adjudicated.

**Defendants' Contention:** United contends that initial disclosures, if any, should await resolution of United's pending motion to dismiss. *See, e.g.*, 6 James Wm. Moore, *Moore's Federal Practice* § 26.22[5][b] (3d ed. 2006) ("A defendant immediately urging that the complaint as a whole is ill-pled and should be dismissed pursuant to established circuit law may be able to obtain a stay of initial disclosure pending resolution of the motion to dismiss, if defendant makes a strong showing."); *Flores v. Southern Peru Copper Corp.*, 203 F.R.D. 92, 94 (S.D.N.Y. 2001) (deferring initial disclosures until resolution of dispositive motion). United submits that its pending rule 12(b)(6) more than satisfies a strong threshold showing that plaintiff's complaint is substantively defective. United proposes that if the Court denies that motion in part or in its entirety, the parties can promptly thereafter provide a proposed joint case management plan. In this plan, the parties can set forth their respective positions as to whether some or all of the Fed. R. Civ.

P. 26(a)(1) initial disclosures should be modified or dispensed with. In the context of this case, a consumer class action, initial disclosures are an entirely one-way street. Plaintiff is unlikely to have any documents or information subject to the initial disclosures and, unlike United, will not be obliged to interview dozens of employees and executives in order to locate relevant information. If United's pending motion to dismiss is granted in whole or in part, the time spent by United in preparing its initial disclosures – and any time spent by this Court in considering any issues or disputes that may arise therefrom – will have been largely, if not entirely, unnecessary.

**8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, requests for admissions, and depositions.**

With respect to a Protective Order, United contends that such an order likely will be appropriate, but need not be submitted until after discovery actually commences. Plaintiff does not object to the entry of such a Protective Order, and the parties will meet and confer in an effort to submit a Protective Order within 14 days after the commencement of discovery.

Given the pendency of the motion to dismiss, the parties agree that, subject to Court approval, it makes sense to defer any proposed scheduling of discovery deadlines until after the Court rules on the pending motion. Subject to Court approval, therefore, the parties propose that within twenty-one (21) days of the Court's ruling on the pending motion to dismiss, the parties will submit their proposals for discovery deadlines as part of any Supplemental Rule 26(f) Joint Report that may be required.

The parties otherwise disagree on the initial scope and timing of discovery.

**Plaintiff's Contention:** In addition to the disagreement set forth in response to item 1 *supra* with respect to the timing of discovery, the parties also disagree as to the scope of discovery. Plaintiff maintains that, upon commencement of discovery, the process should be guided by Federal Rule of Civil Procedure 26, which makes discoverable all matters reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further maintains that any attempt at bifurcating or staggering discovery into class certification discovery and merits-based discovery should be rejected, as such a plan will likely lead to more discovery-related disputes, motions to compel, and required intervention by the Court, as the parties are likely to disagree whether an item of requested discovery falls within the category of class certification discovery or merits-based discovery. In a complex antitrust case in particular, plaintiff maintains that the line between class and merits issues is not easily ascertained, thereby increasing the likelihood of uncertainty, confusion, and disputes if discovery were bifurcated.

**Defendants' Contention:** United maintains that all discovery should be deferred pending the Court's ruling on United's motion to dismiss. *See* Paragraph 1. United contends that given the pendency of that motion, the question of bifurcation of class from merits discovery is not yet ripe, and proposes that if United's motion is denied in whole or in part, the parties meet and confer before submitting further proposals on approximate scheduling and sequencing of discovery. Instead, United believes that bifurcation of discovery into class certification- and merits-related phases likely would conserve the Court's and the parties' resources. *See, e.g., Manual for Complex Litigation* § 21.14 (4th ed. 2006) (recognizing that "[c]ourts often bifurcate discovery between certification

10

issues and those related to the merits of the allegations" because merits-based discovery "delays the certification decision and can create extraordinary and unnecessary expense and burden"); *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570–71 (11th Cir. 1992) ("To make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow classwide discovery on the certification issue and postpone classwide discovery on the merits."); *Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 665–66 (D. Minn. 2002) (bifurcating class certification and merits discovery).

**9) Whether the requirement for of exchange of expert witness reports and information pursuant to Rule 26(a)(2) Fed. R. Civ. P. should be modified, and whether and when depositions of experts should occur?**

Subject to Court approval, the parties agree that it is premature to calendar expert disclosures and report deadlines until after the Court has issued its ruling on the pending motion to dismiss. The parties therefore propose that they address this topic as part of any Supplemental Rule 26(f) Joint Report as may be required after the Court's ruling on United's pending motion to dismiss.

**10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or evidentiary hearing on the motion and proposed date for a decision.**

The parties agree that in light of the pending motion to dismiss, the presumptive 90 day deadline set forth in Local Civil Rule 23 for plaintiff to file his motion for class certification should be extended. Subject to Court approval, the parties will submit their

proposal for class certification scheduling, discovery, briefing, hearing, and decision dates as part of any Supplemental Rule 26(f) Joint Report as may be required after the Court's ruling on the pending motion to dismiss.

**11) Whether the trial and/or discovery should be bifurcated or managed in stages, and a specific proposal for such bifurcation.**

With respect to discovery, the parties respectfully refer the Court to their response to item 8 *supra*, and will provide the Court with their proposals respecting the management of the various stages of discovery in a Supplemental Rule 26(f) Joint Report if such report is required.

**12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Subject to Court approval, the parties agree to defer their proposal on the pretrial date until after the Court rules on the pending motion to dismiss.

**13) Whether the Court should set a firm trial date at the first scheduling conference, or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties jointly propose that the Court reserve on setting a trial date until after the Court renders a decision on the pending motion to dismiss and do so following receipt of any Supplemental Rule 26(f) Joint Report as any be required subsequent to a ruling on that motion.

**14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Plaintiff maintains that this case is governed by the newly enacted amendments to Federal Rule of Civil Procedure 26, including its provisions for electronic discovery. Plaintiff also maintains that, to the extent possible, the parties shall produce their document discovery in electronic form so as to enhance judicial efficiency. While United does not necessarily agree that these issues should be addressed in a scheduling order, United contends that given the pendency of its motion to dismiss, these issues are not yet ripe for consideration by the Court. United proposes that the parties meet and confer after the Court rules on United's pending motion to dismiss in order to identify what, if any, additional issues are ripe for discussion and/or appropriate for inclusion in a subsequent scheduling order..

Dated: June 13, 2007

Respectfully submitted,

| /s/ | /s/ |
|---|---|
| Roy A. Katriel (460840) | Richard J. Favretto (156588) |
| THE KATRIEL LAW FIRM | John Roberti (495718) |
| 1101 30th Street, NW  Suite 500 | MAYER, BROWN, ROWE & MAW LLP |
| Washington, D.C. 20007 | 1909 K Street, NW |
| (202) 625-4342 | Washington, D.C. 20006 |
| *Counsel for Plaintiff* | (202) 263-3000 |
| | *Counsel for Defendants UAL Corporation and United Air Lines, Inc.* |