**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RICHARD DOMINGUEZ, on behalf of himself and
all others similarly situated,

      Plaintiff,

  v.

UAL CORPORATION

and

UNITED AIRLINES, INC.

      Defendants

Civil Action No. 1:07CV00418 (RJL)

**DEFENDANTS' MOTION FOR CERTIFICATION OF THE MARCH 3, 2008 ORDER
FOR IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Defendants UAL Corporation and United Airlines, Inc., (collectively, "United"),
respectfully move this Court to certify for interlocutory appeal the Court's March 3, 2008 Minute
Order pursuant to 28 U.S.C. § 1292(b). The Order involves a controlling question of law, which
presents substantial ground for a difference of opinion. An immediate appeal would materially
advance the ultimate termination of this litigation. Although this motion is dispositive and the
consent of counsel for Plaintiff is not a prerequisite to filing, the undersigned counsel attempted
to contact Plaintiff's counsel in order to ascertain whether Plaintiff consents to this Motion.
Counsel for Plaintiff was out of the office until March 17, 2008, and efforts to reach counsel on
March 17, 2008 were unsuccessful.

The specific grounds for this Motion are set forth in the Defendants' Memorandum of Law in Support of its Motion for Certification of the March 3, 2008 Order for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b).

March 17, 2008                          Respectfully submitted,


                                        /s/ John Roberti
                                        John Roberti (#76397)
                                        Mayer Brown LLP
                                        1909 K Street, NW
                                        Washington, DC 20006
                                        T: (202) 263-3000
                                        F: (202) 263-3300


                                        *Attorney for Defendants*
                                        *UAL Corporation*
                                        *United Air Lines, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RICHARD DOMINGUEZ, on behalf of himself and
all others similarly situated,

        Plaintiff,

   v.

UAL CORPORATION

and

UNITED AIRLINES, INC.

        Defendants

Civil Action No. 1:07CV00418 (RJL)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR CERTIFICATION OF THE MARCH 3, 2008 ORDER
FOR IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Defendants UAL Corporation and United Air Lines, Inc. (collectively, "United"),

respectfully submit this memorandum of law in support of their motion to certify, for

interlocutory appeal under 28 U.S.C. § 1292(b), the Court's March 3, 2008 Minute Order (the

"Order") denying the Defendants' motion to dismiss for failure to state a claim pursuant to

Federal Rule of Civil Procedure 12(b)(6).  Prompt appellate review of the ruling is warranted

because the Order involves a single controlling question of law: whether a plaintiff states a claim

under the antitrust laws or for unjust enrichment by alleging that the defendant seller has refused

to facilitate the development of a secondary market to compete with its vertically integrated

distribution system.  The Order denying Defendants' Motion to Dismiss implicitly rejects

Defendants' arguments regarding this controlling issue of law and accordingly presents

substantial ground for a difference of opinion.  An immediate appeal from the Order would

materially advance the ultimate termination of the litigation because acceptance of Defendants'

position on that controlling question of law would require dismissal of all claims in Dominguez's

complaint.[1]

## INTRODUCTION

Plaintiff Richard Dominguez alleges that United has violated the antitrust laws because it

refuses to allow its passengers to resell United tickets "on EBay and the like."  Complt ¶ 22.

United does not dispute that it has a unilateral policy that prohibits passengers from reselling

tickets, and that a prohibition on ticket resale is incorporated by reference into the terms of each

ticket United sells.[2]  Furthermore, United acknowledges that it applies this same policy on every

route that it flies, not simply the route alleged by Dominguez in his complaint.  Mem. at 14.

United further notes that this policy has been in place for decades.  In addition, the two carriers

that Dominguez claims fly direct between the Washington, D.C. area and the Bay area, as well as

virtually every other U.S. carrier, have precisely the same policy on every route they fly.  *Id*. at

14-15; Stay at 8.  In short, Dominguez's complaint seeks to have this Court order the airline

industry to change the way that it does business.

Plaintiff Richard Dominguez filed a three count class action complaint alleging that

United possesses "monopoly market power" in a market he defines as "nonstop airline travel

between airports serving the metropolitan Washington, D.C. area . . . and the San Francisco Bay

Area Airports . . . in either direction."  Complt. ¶ 1.  Plaintiff alleges that United's no-resale rule,

---

[1] United would also welcome the opportunity to provide further clarification, briefing or authority if the Court wishes to reconsider or clarify its reasoning in issuing the Order.  *Arnett v. U.S.*, 889 F. Supp. 1424, 1426 (D. Kan. 1995) (deciding *sua sponte* to set aside the court's order and reconsider the Defendant's motion to dismiss.).

[2] Passengers that choose to purchase a refundable ticket may receive a full refund of their purchase price if they choose not to use their ticket.  Passengers that choose to purchase a non-refundable ticket at a lower price may receive a credit towards future travel, usually after paying a change fee if they cannot use their ticket.

which provides that ticketed passengers may not resell or transfer their tickets and that a ticket

may not be presented for travel by any other than the one for whom the ticket was issued,

constitutes an agreement in restraint of trade in violation of Section 1 of the Sherman Act, 15

U.S.C. § 1, and unlawful monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C.

§ 2. *Id*. ¶ 11. Dominguez also alleges that United's no-sale rule violates the common law of

unjust enrichment. *Id*. ¶ 52. United filed a motion to dismiss for failure to state a claim on April

23, 2007, which was followed by Opposition and Reply briefs. The motion was fully briefed on

May 24, 2007.

The Court denied Defendants' motion to dismiss in a Minute Order dated March 3, 2008.

No memorandum opinion was issued.

In denying Defendants' motion, the Court decided the controlling question of law: that a

plaintiff can state a claim under the antitrust laws by alleging that a seller has refused to modify

its distribution structure to allow competitors to sell and distribute the seller's product. Under

*United States v. Colgate* & Co., 250 U.S. 300 (1919), *Verizon Commc'ns Inc. v Trinko*, 540 U.S.

398 (2004), and *Covad Commc'ns v. Bell Atl. Corp*., 398 F.3d 666 (D.C. Cir. 2005), even a

would-be monopolist has no such obligation. For more than a century, moreover, the Supreme

Court has recognized and enforced the right of common carriers like United to prohibit the resale

of discounted tickets in order to protect the integrity of the discounts and restrict the use of those

tickets to the agreed-upon terms.[3] Since virtually every carrier operating in the United States has

a no resale policy similar to United's, the Order suggests that if Dominguez were to prove the

---

[3] *See Bitterman v. Louisville & Nashville Railroad Co*., 207 U.S. 205, 221 (1907) (holding that "the [railroad's]
lawful right to sell nontransferable tickets of the character alleged in the bill at reduced rates . . . *is not open to
controversy*." (emphasis added); (The rule of *Bitterman* is that "a common carrier of passengers may make its
passenger tickets nontransferable, and an express restriction in a passenger ticket against transfer is valid and
enforceable." 14 Am. Jur. 2d *Carriers* § 798 (collecting cases); *accord* 9 *Corbin on Contracts* §873 (noting that
"[n]o one doubts that railway passenger tickets can be made non-assignable."). Mem. at 10-12.

allegations in his Complaint, it could mean that *every* carrier operating in the United States will

be compelled to upset its current distribution structure.

At a minimum, there is "substantial ground for difference of opinion" on the question of

whether a firm's right to structure its distribution system as it sees fit, to select its distributors

accordingly, and to decide not to help potential competitors if it so desires, may be challenged

under the antitrust laws.  28 U.S.C. § 1292(b).  An immediate appeal from the Order will

materially advance the ultimate termination of this litigation and save the Court and parties the

burden of a protracted and expensive class action antitrust litigation.

## ARGUMENT

### THIS COURT SHOULD CERTIFY ITS RULING GRANTING A NEW TRIAL FOR IMMEDIATE APPEAL UNDER SECTION 1292(B)

Section 1292(b) provides in relevant part that:

> [w]hen a district judge, in making in a civil action an order not
> otherwise appealable under this section, shall be of the opinion that
> such order involves a controlling question of law as to which there
> is substantial ground for difference of opinion and that an
> immediate appeal from the order may materially advance the
> ultimate termination of the litigation, he shall so state in writing in
> such order.

28 U.S.C. § 1292(b).  Section 1292(b) therefore sets forth three criteria for certification of an

order for interlocutory appeal: (1) the order must involve a "controlling question of law;" (2)

there must be "substantial ground for difference of opinion" as to that question; and (3) an

immediate appeal has the potential to "materially advance the ultimate termination of the

litigation."  *Trout v. Garrett*, 891 F.2d 332, 335 n. 5 (D.C. Cir. 1989).  While certification of an

order under §1292(b) is discretionary, it is the "duty of the district court . . . to allow an

immediate appeal to be taken when the statutory criteria [in § 1292(b)] are met."  *Ahrenholz v.*

*Board of Trustees*, 219 F.3d 674, 677 (7th Cir. 2000).  Because all three criteria are satisfied here, the Court should certify its March 3, 2008 Order.

      **A.**      **The Court's March 3, 2008 Order Involves A Controlling Question of Law.**

A "controlling question of law" under §1292(b) is "one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources." *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 19 (D.D.C. 2002).  That test is plainly satisfied here.  If, as a matter of law, United is not subject to antitrust liability for refusing to create competition for itself in the distribution of its own goods or services, the case is over.  On the other hand, if United is mistaken as to the correct rule of law, guidance from the Court of Appeals as to how to apply antitrust principles in this context will save the parties' and this Court much ado over the proper scope of discovery and proper resolution of the class certification questions.  *Judicial Watch*, 233 F.Supp. 2d at 19 (citing *Johnson v. Burken*, 930 F.2d 1202, 1206 (7 Cir. 1991) (a question of law can be controlling if it determines the outcome "or even future course of the litigation.")); *See* 19 JAMES WILLIAM MOORE ET AL., MOORE'S FEDERAL PRACTICE § 203.31[3] (3d ed. 2003) (a controlling question of law is one that "has the potential of substantially accelerating disposition of the litigation"); 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3930 at 426-27 (3d ed. 1996) ("A steadily growing number of decisions * * * have accepted the better view that a question is controlling * * * if interlocutory reversal might save time for the district court, and time and expense for the litigants.").

It is a fundamental tenet of antitrust law that a firm has the right to choose the parties with whom it will deal.  *See Colgate*, 250 U.S. at 300, 307; Mem. at 7.  Under *Colgate* and its progeny, even a monopolist can decide with whom it will contract in providing a service.  *Id.*

Courts and the leading commentators have repeatedly recognized this. *See, e.g., Alpert's Newspaper Delivery Inc. v. N.Y. Times*, 876 F.2d 266, 269 (2d Cir. 1989) ("[V]ertical integration, even by a monopolist, does not offend Section 2 of the Sherman Act."); *Agency Dev., Inc. v. Med Am. Ins. Co*., 310 F. Supp. 2d 538, 544 (W.D.N.Y. 2004) (same); 4 Phillip E. Areeda & Herbert Hovenkamp, Antitrust Law ¶ 759e6 (2d ed. 2006) ("We would find de novo vertical integration by a monopolist per se lawful except in a few cases where all of the following conditions are met: . . . (2) the integration is not into distribution . . . .").

The viability of Dominguez's complaint depends on the assertion that the antitrust laws oblige sellers to aid potential resellers to compete with them in the sale of their own goods. Compelling United to reverse its no-resale policy means requiring United to facilitate competition for its own product. Mem. at 8-9. Dominguez's contention has been soundly rejected. *Id*. The Supreme Court affirmed in *Trinko* that a monopolist's "refusal to cooperate with a rival" generally does not constitute anticompetitive conduct giving rise to a Section 2 claim. 540 U.S. at 407-08 ("[f]irms may acquire monopoly power by establishing an infrastructure that renders them uniquely suited to serve their customers," requiring such monopolists to "share the source of their advantage . . . may lessen the incentive for the monopolist, the rival, or both to invest in those economically beneficial facilities."). Following *Trinko,* the controlling law of this Circuit is that a Section 2 claim premised on a monopolist's refusal to deal with would-be competitors "can withstand a motion to dismiss *only*" if the plaintiff alleges either (1) that the defendant "had previously 'engaged in a course of dealing with its rivals'" or (2) that the defendant "ever would have done so." *Covad Commc'nsv.*, 398 F.3d at 673 (D.C. Cir. 2005) (emphasis added).

Thus, in order to survive dismissal, Dominguez must allege that United had permitted customers to resell United tickets in the past, or that it would be in United's economic interest for customers to do so. Dominguez does not, and cannot, make either allegation. Mem. at 9. The Complaint does not allege that United has previously allowed customers to resell tickets in the past, and United never has. The Complaint does not allege that it is in United's interest to reverse the no-resale rule. Indeed, United's interest in preserving the integrity of discounted tickets and in ensuring that United complies fully and efficiently with federal aviation security requirements demonstrate that the no-resale policy is in United's interest. *Id.* at 10-14.

Once this controlling issue of law is decided, all three of Dominguez's causes of action must fail. First, Dominguez's claims under Section 2 of the Sherman Act must be dismissed because the only conduct alleged—refusing to help a rival – is non-exclusionary as a matter of law. *Trinko*, 540 U.S. at 407-08; *Covad Commc'ns*, 398 F.3d at 673. Second, Dominguez's Section 1 claims necessarily collapse because a unilateral policy imposed by one party on another party that merely accepts the terms cannot form the basis of a conspiracy within the meaning of Section 1. *Proctor v. State Farm Mut. Auto. Ins. Co*., 675 F.2d 308, 338 (D.C. Cir. 1982) (recognizing "the longstanding antitrust principle" under *Colgate* "that Section 1 of the Sherman Act does not preclude a party from unilaterally determining the parties with whom it will deal and the terms on which it will transact business.") (quoting *Quality AutoBody, Inc. v. Allstate Ins. Co*., 660 F.2d 1195, 1205 (7th Cir. 1981)); *American Airlines v. Christensen*, 967 F.2d 410, 413-14 (10th Cir. 1992) (holding that absent the "suggest[ion] that American did not independently set the terms under which it would offer its travel awards . . . the mere fact that [the program's] members accepted those terms does not generate the kind of concerted action needed to violate Section 1."); *Toscano v. Professional Golfers' Association*, 258 F.3d 978, 984

- 7 -

(9th Cir. 2001) (finding that sponsorship agreements entered into by the Professional Golfers' Association did not violate Section 1 because the sponsors "had no involvement in the establishment or enforcement of the allegedly anticompetitive provisions of the contracts," and that the agreements therefore could not constitute "concerted action."); *Virgin Atl. Airways Ltd. v. British Airways PLC*, 257 F.3d 256, 263 (2d Cir. 2001) (airline's incentive agreements entered into with travel agencies and corporate customers did not constitute concerted action under Section 1).[4]

Third, Dominguez's novel claim for unjust enrichment under "federal common law" fails because there is no unjust or unlawful conduct by which United was enriched. *Rapaport v. United States Dept. of Treasury, Office of Thrift Supervision*, 59 F.3d 212, 217 (D.C. Cir.1995) ("the fundamental characteristic of unjust enrichment is 'that the defendant has been unjustly enriched by receiving something ... that properly belongs to the plaintiff [, thereby] forcing restoration to the plaintiff.'" (quoting DOBBS, LAW OF REMEDIES § 4.1(2)).

**B.    Substantial Ground for Difference of Opinion Exists With Respect to the Issues Raised in the Court's Order.**

United's no-resale rule cannot give rise to an antitrust claim.  The Order's apparent rejection of United's right to choose its own distribution method, however, creates a substantial ground for difference of opinion.  Under *Colgate, Trinko*, and *Covad*, United has a fundamental right to choose the parties with whom it will deal and has no antitrust obligation to cooperate with potential competitors.  Dominguez's only response to this settled law is to try to recast his claim as one involving a refusal to deal with a competitor's customers.  Opp. at 22-23, *Lorain*

---

[4] Dominguez attempts to distinguish *Toscano* and *Christensen* solely on the grounds that these cases were decided on summary judgment.  Opp. at 15 fn. 2, 3.  The "plausibility" requirement of the antitrust summary judgment standard, however, applies equally to motions to dismiss.  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007).  *See* Reply at 10.

*Journal Co. v. United States*, 342 U.S. 143, 149 (1951).  That is an ill-fitting suit at best.
Whichever way Dominguez wants to couch his argument, he is not actually crying foul over how
United deals with its competitors; he is attempting to impose on United an obligation to create a
whole new source of competition that no airline in the United States has been required to create.
Even if Dominguez's strained reading were correct, there are substantial grounds for difference
of opinion regarding whether the recent *Trinko* and *Covad* decisions or the antiquated *Lorain
Journal* opinion govern this case.

### C.    Immediate Appeal of the Court's Order Would Materially Advance the Ultimate Termination of the Litigation.

An immediate appeal of the Court's March 3, 2008 Order would materially advance the
ultimate termination of this litigation.  Should Dominquez's unlawful monopolization claim fail,
his Sherman Act 1 and unjust enrichment allegations would likewise fall away.  Certification of
an issue for interlocutory appeal pursuant to 28 U.S.C. § 1292 is appropriate to obtain "early
review of crucial orders where an appellate ruling may simplify or shorten the litigation."  FED.
JUDICIAL CTR., MANUAL FOR COMPLEX LITIGATION § 15.11 (4th ed. 2004); *see also* 16 CHARLES
ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE
§ 3930 (3d ed. 1996) (permitting interlocutory appeals "minimize[s] the total burdens of
litigation on parties and the judicial system by accelerating * * * trial court proceedings").  If an
interlocutory appeal is granted and United prevails, the litigation would terminate. § 1292(b).

Should immediate appellate review of this Court's ruling be foreclosed, the case will go
forward, requiring the Court and parties to expend time and resources on a costly and protracted
class action antitrust suit that may involve "hundreds of thousands" or even millions of class
members.  Complt. ¶ 26.  Dominquez's claims are at odds with sacrosanct antitrust principles

that make this case particularly appropriate for immediate appellate reviews.  Considerations of judicial economy counsel in favor of certification here.

## CONCLUSION

For the foregoing reasons, the Court should grant United's motion for certification of the Order denying United's motion for dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).   For the Court's convenience, we have included a proposed Order that satisfies the certification requirements of Section 1292(b).


March 17, 2008                                    Respectfully submitted,

                                                  /s/ John Roberti
                                                  John Roberti (#76397)
                                                  Mayer Brown LLP
                                                  1909 K Street, NW
                                                  Washington, DC 20006
                                                  T: (202) 263-3000
                                                  F: (202) 263-3300


                                                  *Attorney for Defendants*
                                                  *UAL Corporation*
                                                  *United Air Lines, Inc.*