UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD DOMINGUEZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>UAL CORPORATION,<br><br>and<br><br>UNITED AIRLINES, INC.<br><br>Defendants. | Civil Action No. 07-cv-418 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR A SECTION 1292(b) CERTIFICATION FOR INTERLOCUTORY APPEAL**

After nearly a ten month wait, following which the Court summarily denied a motion to dismiss that United should never have filed in the first place, defendants now seek to continue stalling this case by requesting a meritless certification for interlocutory appeal under 28 U.S.C. § 1292(b). There is no basis for such relief here—relief that the United States Court of Appeals for the District of Columbia Circuit has characterized as "extraordinary" and "rarely granted." As this Court has held in another consumer antitrust class action, "the law is clear that certification under § 1292(b) is reserved for truly exceptional cases." *In re Vitamins Antitrust Litig.*, 2000 WL 673936, at 82 (D.D.C. Jan. 27, 2000). This is not such a case. The motion should be denied.

1

I.      **AS THE BRIEFING AND DECISION ON UNITED'S UNSUCCESFUL MOTION TO DISMISS MAKE CLEAR, THERE IS NO BASIS FOR INTERLOCUTORY APPEAL CERTIFICATION HERE.**

Plaintiff Richard Dominguez ("plaintiff" or "Dominguez") filed this action on March 2, 2007, alleging claims under the federal antitrust laws and the common law of unjust enrichment against defendants UAL Corporation and United Airlines, Inc. (collectively "defendants" or "United."). The crux of the complaint centers around allegations that in the relevant market for nonstop air travel between airports serving the metropolitan Washington, D.C. area and airports serving the San Francisco Bay area, United possesses monopoly market power. Complaint, at ¶¶ 2, 13. The complaint further alleges that in this market where United is a monopolist, it has included a provision in its Contract of Carriage that forbids passengers from transferring or reselling their airlines tickets purchased from United or their agents. *Id*. at ¶¶ 1, 2, 32-40; see Ex. A to United's Mtn. to Dismiss ("Contract of Carriage"), at p. 14, ¶ E. The Contract of Carriage is, of course, the binding contractual agreement between United and its passengers. Ex. A to United's Mtn. to Dismiss, at 2, ¶ A (emphasis added) ("Rules in this Tariff constitute the conditions upon which UA transports or agrees to transport, *and are expressly agreed to by the passenger* to the same extent as if such rules were included as conditions in the Contract of Carriage"); *Gluckman v. American Airlines*, 844 F. Supp 151, 160 (S.D.N.Y. 1994) ("The tariff constitutes the incorporated terms of the contract between passenger and airline."); *Delta Air Lines, Inc. v. Black*, 116 S.W.3d 745, 754 (Tex. 2003) ("When Black purchased the airline tickets, a binding contract of carriage was created between Black and Delta.").

Dominguez alleges that the foregoing practice is anticompetitive and violates the federal antitrust laws because the resale prohibition prevents a secondary market from emerging in which passengers who could not use their tickets would be able to resell them on eBay, the

2

classifieds, or elsewhere at prices that would compete against United's set prices. Complaint, at ¶¶ 2, 18, 19-23, 35, 37. By contractually forbidding passengers from transferring or reselling their tickets, however, United has managed to insulate itself from this competition, thereby retaining its monopoly.

United filed a motion to dismiss the complaint, raising a number of different arguments. It contended principally, however, that its restriction forbidding the resale of United tickets was a unilaterally imposed condition that United could dictate as a term under which it would agree to do business, and hence was not actionable under the antitrust laws. United Mtn. to Dismiss, at 16-17. In an attempt to bolster that proposition, United cited *Verizon Communications, Inc. v. Trinko*, 540 U.S. 398 (2004) and *Covad Communications v. Bell Atlantic Corp.,* 398 F.3d 666 (D.C. Cir. 2005), citations that it reiterates again in its Section 1292(b) motion. *See* United's Mtn. to Dismiss at 8-9 (*citing Trinko*); United's Mtn. for 1292(b) Certif., at 6-7 (citing *Trinko* and *Covad*).

In his opposition to the motion to dismiss, Dominguez explained the inherent flaws in United's arguments. First, United's suggestion that its conduct in *contractually* forbidding the resale of its tickets was beyond the reach of the antitrust laws because it amounted merely to United's *unilateral* pre-announced policy of the terms under which it would deal was factually untrue. The resale prohibition was not merely a unilateral policy that was just pre-announced by United. Rather, it was a term drafted into United's Contract of Carriage to which the passenger agreed and became bound as a result of that contract. See Pltff's Opp. to Mtn. to Dismiss, at 7-17. For this reason, the restriction amounts to an "agreement" in restraint of trade (as opposed to mere unilateral conduct) that does fall within the ambit of the Sherman Act. Second, *Dominguez* explained why United's reliance on *Trinko* and *Covad* was utterly misplaced. *Id*. at 22-25.

3

Those cases merely held that where a telecommunications carrier violates the affirmative duties imposed upon it by the Telecommunications Act to cooperate with its rivals, such a violation, without more, cannot be the basis for imposing separate antitrust liability because the antitrust laws (unlike the Telecommunications Act) do not generally require market actors to cooperate with their rivals. *See* Trinko, 540 U.S. at 401, 416. Here, however, the allegation is not that United failed to cooperate with any rivals, but rather that it affirmatively barred its passengers from reselling tickets that they owned, and thereby thwarted competition.

Dominguez's opposition also debunked United's assertion, raised again in its Section 1292(b) motion, that the "no resale" contractual prohibition imposed by United could not be actionable because it was a provision common to all United's routes and in place by many other carriers. *See* Pltff's Opp. to Mtn. to Dismiss, at 20-21. United sought support for this argument by citing *Bitterman v. Louisville & Nashville R.R. Co.*, 207 U.S. 205, 221 (1907), a century-old case that it cites again in its 1292(b) motion, for the supposed proposition that a carrier's right to sell nontransferable tickets was uncontroverted. *See* United's Mtn. to Dismiss, at 10. As Dominguez explained, however, United's argument is beside the point because a key allegation here is that the relevant market at issue (the D.C. to/from San Francisco Bay area nonstop air travel market) is one in which United is alleged to have monopoly market power. Undeniably, "[b]ehavior that might otherwise not be of concern to the antitrust laws—or that might even be viewed as procompetitive—can take on exclusionary connotations when practiced by a monopolist." *United States v. Microsoft Corp.*, 1998 WL 614485, at *23 (D.D.C. Sept. 14, 1998) (*quoting Eastman Kodak Co. v. Image Tech. Srvs., Inc.*, 504 U.S. 451, 488 (1992) (Scalia, J., dissenting)). *Bitterman*, a key case relied upon by United, therefore offers no shelter to defendants because it was conceded in that case that, unlike here, the defendant railroad had only

4

a 25 percent share of the market. *See Bitterman*, 207 U.S. at 207 ("it was expected would necessitate the transportation by the railroads entering New Orleans of 100,000 visitors, *one fourth of which number would pass over the lines of railway of the complainant*.") (emphasis added).

Consistent with Civil Local Rule 7(f), Dominguez's opposition requested oral argument on the motion to dismiss. After United filed its reply brief in support of its motion, the Court took the matter under submission. Approximately ten months later, the Court denied United's motion it its entirety by way of a Minute Order. Evidently, the Court did not feel that the matters raised in the motion were sufficiently complex to even warrant oral argument. United, however, now maintains that the issues resolved in the motion amount to such close calls, that they should lead to certification for interlocutory appeal. They do not.

II.  **NOTHING PRESENTED BY UNITED EVEN REMOTELY COMES CLOSE TO MEETING THE EXTRAORDINARY HIGH STANDARDS DEMANDED FOR SECTION 1292(b) CERTIFICATION.**

Under 28 U.S.C. §1292(b), a district court may certify an interlocutory order for immediate appellate review when it involves "a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). A party seeking certification pursuant to § 1292(b) must meet a high standard to overcome the strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F.Supp.2d 16, 20 (D.D.C.2002) (*quoting United States v. Nixon*, 418 U.S. 683, 690 (1974)). "Although courts have discretion to certify an issue for interlocutory appeal, interlocutory appeals are rarely allowed ... the movant 'bears the burden of showing that

exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" *Id*. (*quoting Virtual Def. and Dev. Int'l, Inc. v. Republic of Mold.*, 133 F.Supp.2d 9, 22 (D.D.C.2001)).

The provision for interlocutory appeal certification afforded under Section 1292(b) represents an exception to the long-standing rule that a party generally is permitted only one appeal following the entry of final judgment. As a result, the United States Supreme Court has admonished trial courts to invoke this exception narrowly, lest it swallow the general rule. Specifically, the Court has cautioned that:

> [T]he 'narrow' exception should stay that way and never be allowed to swallow the general rule ... that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated.

*Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994).

Heeding that admonition the District of Columbia Circuit has underscored that, "even when interlocutory review is expressly granted by statute or rule, we construe such provisions narrowly, applying them only when a district court's challenged ruling might be of 'serious, perhaps irreparable, consequence' to a litigant and therefore merit immediate review." *Banks v. Office of Senate-At-Arms Doorkeeper of U.S. Senate*, 471 F.3d 1341, 1345 (D.C. Cir. 2006) (*quoting Cobell v. Kempthorne*, 455 F.3d 317, 321 (D.C. Cir. 2006)). No such serious or irreparable consequence has even been hinted at in United's Section 1292(b) motion.

Plainly, United fails to meet the highly demanding standard for this exceedingly rare form of relief. Indeed, its Section 1292(b) motion amounts to nothing more than a restatement of its disagreement with the Court's Order to deny its prior motion to dismiss. "[M]ere disagreement, even if vehement, with a court's ruling does not establish a substantial ground for difference of

opinion sufficient to satisfy the statutory requirements for an interlocutory appeal." *Judicial Watch*, 233 F.Supp.2d at 20 (*quoted in American Soc. For Prevention of Cruelty to Animals v. Ringling Bros. And Barnum and Bailey Circus*, 249 F.R.D. 39, 43 (2007)) (internal citations omitted); *see Federal Election Comm'n v. Club for Growth, Inc.*, 2006 WL 2919004, at *2 (D.D.C. Oct. 10, 2006) ("In demonstrating substantial grounds for a difference of opinion, the movant must do more than "claim that the district court's ruling was incorrect.").

Because nothing in United's rehashed submission comes close to meeting the demanding requirements for Section 1292(b) interlocutory certification, the Court should join the overwhelming number of opinions it has recently entered in other cases in which it likewise denied such relief. *See, e.g., American Soc. For Prevention of Cruelty to Animals*, 246 F.R.D. at 44 (denying defendants Section 1292(b) request for interlocutory appeal certification); *Howard v. Gutierrez*, 503 F. Supp.2d 392-396-97 (D.D.C. 2007) (same); *Hartford Fire Ins. Co. v. The Socialist People's Lybian Arab Jamahiriya*, 2007 WL 1876392, at *5, n.2 (D.D.C. June 28, 2007) (same); *United States v. 803 Capitol Street*, 2007 WL 1232188, at *1 (D.D.C. Apr. 26, 2007) (same); *Ali v. Mid-Atlantic Settlement Srvcs., Inc.*, 235 F.R.D. 1, 4 (D.D.C. 2006) (same); *Singh v. George Washington Univ.*, 383 F. Supp.2d 99, 105 (D.D.C. 2005) (same).

Notably, *United's entire 10-page brief in support of its Rule 1292(b) motion fails to cite even a <u>single</u> District of Columbia decision granting a Section 1292(b) motion*. And, we are unaware of any recent District of Columbia decision where a 1292(b) motion was granted to allow an interlocutory appeal from the mere denial of a motion to dismiss.

### III.  INTERLOCUTORY APPEAL CERTIFICATION IS UNAVAILING FOR THE INDEPENDENT REASON THAT IT DOES NOT STAND TO MATERIALLY ADVANCE THE LITIGATION.

The foregoing categorically demonstrates that United is not entitled to a Section 1292(b) certification as it has failed to meet the highly demanding standards for that request, and has failed to present a controlling question of law as to which there might be genuine ground for disagreement. Those failures are dispositive and suffice to doom United's motion.

The motion is also independently unavailing, however, for the separate reason that United cannot make a credible showing that granting its request would materially advance the litigation. That much is especially true under the particular circumstances of this case where the parties have agreed to and the Court has entered an aggressive and quick schedule for discovery and dispositive motion briefing. *See* Stipulated Scheduling Order (entered Mar. 18, 2008) (calling for discovery to be completed, and class certification motions and dispositive motions to be filed within mere months). Allowing interlocutory appellate review now would derail that efficient litigation schedule, and would delay the speedy resolution of this action, as already agreed upon by the parties and the Court. Under these circumstances, a Section 1292(b) interlocutory certification for appeal is particularly inappropriate. *See Van Meter v. Barr*, 976 F.2d 1 (D.C. Cir. 1992) (refusing to accept Section 1292(b) certification request because doing so would delay trial scheduled to begin in short order). For this independent reason as well, the Section 1292(b) motion should be denied.

### CONCLUSION

For all the foregoing reasons United' motion for a Section 1292(b) certification for interlocutory appeal should be denied.

Dated: March 28, 2008

Respectfully submitted,


_____/s/_____
Roy A. Katriel, Esq. (D.C. Bar No. 460840)
THE KATRIEL LAW FIRM
1101 30th Street, NW  Suite 500
Washington, DC 20007
Telephone: (202) 625-4342
Facsimile:  (202) 330-5593

*Counsel for Plaintiff*


Additional Counsel for Plaintiffs
Gary B. Friedman, Esq. (*pro hac vice* application to be filed)
Tracey Kitzman, Esq.
Friedman Law Group, L.L.P..
270 Lafayette Street, 14th Floor
New York, NY 10012
Telephone: (212) 680-5150