IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD DOMINGUEZ, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>UAL CORPORATION<br><br>and<br><br>UNITED AIR LINES, INC.,<br><br>        Defendant. | Civil Action No. 1:07CV00418 (RJL)<br><br>**ORAL ARGUMENT REQUESTED** |

## DEFENDANTS' MOTION TO EXCLUDE PARTS OF DR. BRUCE ISAACSON'S REBUTTAL TESTIMONY

Defendants UAL Corporation and United Air Lines, Inc. (collectively, "United"), respectfully move this Court pursuant to Federal Rule of Evidence 702 to: (a) exclude parts of the rebuttal evidence, opinions and testimony of Dr. Bruce Isaacson; and (b) bar Plaintiffs from making reference to any of said rebuttal evidence, opinions and testimony.  In support thereof, Defendants state as follows:

    1.      Plaintiff has proffered parts of the rebuttal testimony of Dr. Bruce Isaacson as evidence that the price of United's refundable tickets on the route between metro Washington, D.C. and the San Francisco Bay Area increases as the date of travel approaches.  Without this evidence, Plaintiff lacks any grounds for estimating purported damages related to refundable tickets.

    2.      Dr. Isaacson's testimony should be excluded because Dr. Isaacson is admittedly not an expert in the airline industry generally or in United's pricing policies or practices particularly.

3. Further, the evidence upon which Dr. Isaacson bases his testimony does not support his opinion that the price of refundable tickets increases as the date of travel approaches. Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny, such unsupported opinions are inadmissible.

4. Dr. Isaacson's opinion—even if it were admissible—does not support the specific instruction he gave to survey respondents to determine the price at which ticket sales on the hypothetical secondary market for resold United tickets would take place. He asked respondents to assume a $400 and $500 increase in the price of every refundable ticket. Because Dr. Isaacson's proposed testimony cannot and does not validate that survey instruction, it is irrelevant and should be excluded under *Daubert*.

5. In further support of this Motion, Defendants incorporate by reference as if fully set forth herein, the Memorandum of Points and Authorities in Support of Defendants' Motion To Exclude Parts of Dr. Bruce Isaacson's Rebuttal Testimony, which Defendants are filing contemporaneously with this Motion.

WHEREFORE, Defendants respectfully request that the Court: (a) grant Defendants' request for an oral hearing on this motion; (b) grant Defendants' Motion to Exclude Parts of Dr. Bruce Isaacson's Rebuttal Testimony; (c) bar Plaintiff from presenting any evidence, opinions or testimony from said expert; (d) bar Plaintiff from making reference to any of said evidence, opinions and testimony; and (e) provide Defendants with such other and further relief as the Court deems just and proper.

    Respectfully submitted,

Dated: October 30, 2009

/s/ John Roberti
John Roberti (D.C. Bar No. 495718)
Grace H. Kwon (D.C. Bar No. 984131)

Jasmin Sethi*
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
(202) 263-3000
(202) 263-3300 (facsimile)
jroberti@mayerbrown.com
gkwon@mayerbrown.com
jsethi@mayerbrown.com
*Admitted *Pro Hac Vice*

**Counsel for Defendants UAL Corporation and United Air Lines, Inc.**

## **STATEMENT OF DUTY TO CONFER**

Pursuant to Local Rule 7(m), undersigned counsel hereby certifies to the Court that on October 5, 2009 and October 7, 2009, I conferred with Plaintiff's counsel, Roy Katriel, concerning the relief requested in this motion.  Mr. Katriel indicated that Plaintiff opposes this motion.

                                                    /s/ John Roberti
                                                  John Roberti (#495718)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of October, 2009, I caused a true and correct copy of the foregoing DEFENDANTS' MOTION TO EXCLUDE PARTS OF DR. BRUCE ISAACSON'S REBUTTAL TESTIMONY to be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsels who have registered for receipt of documents filed in this manner:

Roy A. Katriel
THE KATRIEL LAW FIRM, PLLC
1101 30th Street, NW
Suite 500
Washington, D.C.  20007-3772
Tel: (202) 625-4342

Aaron D. Patton
FRIEDMAN LAW GROUP, L.L.P.
270 Lafayette Street
14th Floor
New York, NY  10012
Tel: (212) 680-5150

Gary B. Friedman
FRIEDMAN LAW GROUP, L.L.P.
270 Lafayette Street
14th Floor
New York, NY  10012
Tel: (212) 680-5150

Gregory J. Hubachek
GREGORY J. HUBACHEK, L.L.C.
242B Keyser Avenue
PMB #105
Natchitoches, LA  71457
Tel: (504) 838-8863

                    /s/ John Roberti
                    John Roberti (#495718)