IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD DOMINGUEZ, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UAL CORPORATION<br><br>and<br><br>UNITED AIR LINES, INC.,<br><br>　　　　　　Defendant. | Civil Action No. 1:07CV00418 (RJL)<br><br>**ORAL ARGUMENT REQUESTED** |

### DEFENDANTS' MOTION TO STRIKE THE DAMAGES CALCULATIONS AND RELATED TESTIMONY OF DR. JOHN PISARKIEWICZ

Defendants UAL Corporation and United Air Lines, Inc. (collectively, "United"), respectfully move this Court pursuant to Federal Rule of Evidence 702 to: (a) exclude the evidence, opinions and testimony relating to the damages calculations of Dr. John Pisarkiewicz; and (b) bar Plaintiffs from making reference to any of said evidence, opinions and testimony. In support thereof, Defendants state as follows:

　　　1.　　Plaintiff has proffered the testimony of economist Dr. John Pisarkiewicz to support his allegation that nonstop air travel between the metro Washington, D.C. and San Francisco Bay Area is the relevant market and to offer estimates of purported damages owed to Plaintiff and the class.

　　　2.　　The opinions of Dr. Pisarkiewicz regarding damages are inadmissible and should be excluded under Federal Rules of Evidence 702 and under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny. Dr. Pisarkiewicz's calculation of damages is based on the volume of sales in the secondary market. Dr. Pisarkiewicz' volume was

based on a survey designed by Plaintiff's survey expert, Dr. Bruce Isaacson, only to show consumer interest in a hypothetical secondary market for ticket resales. Dr. Bruce Isaacson acknowledges that the underlying consumer interest survey data cannot be used to generate sales volume, which is the purpose for which Dr. Pisarkiewicz used the survey data.

3. In addition, Dr. Pisarkiewicz makes a fundamental mathematical error in his computations by not taking transaction fees into account when determining the expected market price of United's tickets should Plaintiff's hypothetical secondary market develop. Once a transaction fee of $150—the amount charged by United for similar transactions and an amount deemed reasonable by Dr. Pisarkiewicz—is taken into account, no transaction would occur on the secondary market.

4. Further, Dr. Pisarkiewicz's damages calculations for refundable tickets should be excluded because they are based on an incorrect assumption that refundable ticket prices increase as the date of travel approaches. If refundable ticket prices do not increase as the date of travel approaches, which is in fact the case, Dr. Pisarkiewicz's damages calculations regarding refundable tickets are meaningless.

5. In further support of this Motion, Defendants incorporate by reference as if fully set forth herein, the Memorandum of Points and Authorities in Support of Defendants' Motion To Exclude the Damages Calculations and Related Testimony of Dr. John Pisarkiewicz, which Defendants are filing contemporaneously with this Motion.

WHEREFORE, Defendants respectfully request that the Court: (a) grant Defendants' request for an oral hearing on this motion, (b) grant Defendants' Motion to Exclude the Damages Calculations and Related Testimony of Dr. Pisarkiewicz; (c) bar Plaintiff from presenting any evidence, opinions or testimony from said expert; (d) bar Plaintiff from making reference to any

of said evidence, opinions and testimony; and (e) provide Defendants with such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 30, 2009

/s/ John Roberti
John Roberti  (D.C. Bar No. 495718)
Grace H. Kwon (D.C. Bar No. 984131)
Jasmin Sethi*
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC  20006
(202) 263-3000
(202) 263-3300 (facsimile)
jroberti@mayerbrown.com
gkwon@mayerbrown.com
jsethi@mayerbrown.com
*Admitted *Pro Hac Vice*

***Counsel for Defendants UAL Corporation and United Air Lines, Inc.***

## **STATEMENT OF DUTY TO CONFER**

Pursuant to Local Rule 7(m), undersigned counsel hereby certifies to the Court that on October 5, 2009 and October 7, 2009, I conferred with Plaintiff's counsel, Roy Katriel, concerning the relief requested in this motion.  Mr. Katriel indicated that Plaintiff opposes this motion.

                    /s/ John Roberti
                    John Roberti (#495718)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of October, 2009, I caused a true and correct copy of the foregoing DEFENDANTS' MOTION TO STRIKE THE DAMAGES CALCULATIONS AND RELATED TESTIMONY OF DR. JOHN PISARKIEWICZ to be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsels who have registered for receipt of documents filed in this manner:

Roy A. Katriel
THE KATRIEL LAW FIRM, PLLC
1101 30th Street, NW
Suite 500
Washington, D.C.  20007-3772
Tel: (202) 625-4342

Aaron D. Patton
FRIEDMAN LAW GROUP, L.L.P.
270 Lafayette Street
14th Floor
New York, NY  10012
Tel: (212) 680-5150

Gary B. Friedman
FRIEDMAN LAW GROUP, L.L.P.
270 Lafayette Street
14th Floor
New York, NY  10012
Tel: (212) 680-5150

Gregory J. Hubachek
GREGORY J. HUBACHEK, L.L.C.
242B Keyser Avenue
PMB #105
Natchitoches, LA  71457
Tel: (504) 838-8863

/s/ John Roberti
John Roberti (#495718)